## Getz v. Seaks

*Homer L. Kreider,* for plaintiff.
*Stroh & McCarrell,* for defendant.

Fox, J., January 20, 1937.—We have before us an affidavit of defense raising questions of law.

Plaintiff has brought an action in assumpsit and in the statement claims $11,125 in a building agreement, of which amount defendant paid $10,631.25, leaving an unpaid balance of $493.75 on the contract price, and for extras ordered by defendant in the sum of $1,676.63, making a total of $2,170.38. Paragraph 14 of the agreement entered into between plaintiff and defendant as set forth in plaintiff's statement of claim by exhibit "A" reads as follows:

"14. All misunderstandings or disputes which may arise between the contractor and owner concerning this contract and the construction work thereunder shall be submitted to Architect Julian Millard of Harrisburg, Pa., and his decision in each instance shall be final and binding upon both contractor and owner."

The statement of claim is silent as to the submission of any misunderstanding or disputes to the said architect, Julian Millard.

The question for us is, must plaintiff resort to arbitration instead of proceeding as he has, in assumpsit?

As the matter now stands before us there is no misunderstanding or dispute. Plaintiff in his statement, amongst other things, avers that he performed his part of the contract by doing the work in accordance therewith, and that he performed extra work at the request of defendant and made fair charges for the same, and that defendant upon completion of the said work advised plaintiff that he was well satisfied with the work, and that there is due plaintiff the sum of $493.75, the balance unpaid on the contract, and for the extras, making the total sum of $2,170.38, and that he had frequently requested defendant to pay the said sum, but defendant has failed and neglected to do so.

We are of the opinion that defendant should file an affidavit of defense, and if, after this is done, there appears to be any misunderstanding or dispute the proceedings of this suit in assumpsit should be stayed and the provisions for arbitration should then be exercised.